FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUN 1 2 2001

CLERK

JAMES CONNELLI,

    Plaintiff,

vs.                                                 No. CIV 01-595 JP/LFG

CAROL SCAL, Attorney; GARY J. CONNELLI,
Executor; GARY J. WEBER, Judge of the Surrogates
Court; TERRY J. KARL, Attorney; FRANK FERRIS,
Attorney; and MICHAEL CIPPOLINO, Supervisory
Clerk of the Surrogates Court, ACCUTECH
PROCESS SERVERS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This is yet another in a series of *pro se* lawsuits filed by Plaintiff James Connelli ("Connelli") against various courts, judges and court officers involved in the settling of his father's estate in New York.[1]

Federal law provides that the clerk of each district court require a party instituting a civil action, suit or proceeding in court to pay a filing fee of $150. Alternatively, a United States court may authorize the commencement, prosecution or defense of any suit, action or proceeding without prepayment of fees or security when an individual submits an *in forma pauperis* application and supporting affidavit demonstrating an inability to pay such fees or give security. 28 U.S.C. § 1915.

---

[1] *See* Connelli v. Supreme Court, CIV 01-232 (dismissed on 3-30-01); Connelli v. Surrogates Court, CIV 01-233, consolidated with Connelli v. Appellate Supreme Court, CIV 01-359 (dismissed on 4-19-01).



So as to ensure that a *pro se* litigant's claims are not inappropriately time barred while the Court is considering the application, the Clerk of the Court is authorized to accept for filing the *pro se* litigant's pleadings, and thereafter, the Court reviews the application and affidavit to determine whether the litigant qualifies for *in forma pauperis* treatment or, alternatively, whether a filing fee should be required. As a result of this practice, Connelli's May 24, 2001 pleadings were accepted by the Clerk and Connelli's lawsuit was filed, even without payment of filing fee or Court order authorizing *in forma pauperis* status.

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, authorizes a court to waive costs and fees. The intent of this statute is "to guarantee that no citizen shall be denied an opportunity to commence, prosecute or defend an action, civil or criminal, `in any court of the United States' solely because . . . [lack of funds] makes it impossible for him to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S. Ct. 85, 90 (1948).

In this case, Connelli submits an application and affidavit indicating that he is unemployed and disabled. He receives $965 per month from social security disability compensation. He owns no property, has no savings or assets, and his monthly expenses are equal to his disability benefit. Based on this information, the Court determines that Connelli is indigent and that *in forma pauperis* treatment is appropriate. The Court will grant Connelli a limited waiver of costs and accept his pleading for filing.

### *Sua Sponte* Analysis

While Congress removed the barriers to court process for indigents by enacting the *in forma pauperis* statute, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing

frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992). To address this congressional concern, courts are specifically authorized to review and, where appropriate, to dismiss an *in forma pauperis* complaint "if the court determines . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2). Accordingly, the court may conduct a *sua sponte* review of a complaint pursuant to this section and may dismiss the complaint if it is patently obvious that the plaintiff cannot prevail on the facts alleged. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). However, if the defect in the pleading may be cured by appropriate amendments, dismissal of the complaint should be without prejudice to the plaintiff filing another complaint with valid allegations.

In reviewing a *pro se* complaint, the court is to apply the same legal standards applicable to pleadings drafted by counsel, but the court remains mindful that a *pro se* litigant's complaint must be liberally construed. Northington v. Jackson, 973 F.2d 1518, 1520-1521 (10th Cir. 1992).

It is clear that Connelli's present lawsuit involves claims and issues previously dismissed by this Court in Connelli v. Surrogates Court, CIV 01-233. In that case, the Court found that Connelli's lawsuit against the New York Surrogates Court failed to withstand 12(b)(6) scrutiny in that Connelli was asking the Court to review various state court proceedings, and to overturn decisions issued by various New York State courts.

Connelli's request would be barred, of course, by the doctrine established in Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S. Ct. 149, 150 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482, 103 S. Ct. 1303, 1315 (1983), collectively known as the Rooker-Feldman doctrine. This doctrine bars federal review of a state court's civil judgments. A federal court, other than the United States Supreme Court, lacks jurisdiction to review state court

3

decisions reached in judicial proceedings. Feldman at 476; *cf.* Anderson v. Colorado, 793 F.2d 262, 263 (10th Cir. 1986)("It is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review").

Thus, federal review of the state court decisions is impermissible. Not only was Connelli's claim against the Surrogates Court barred by the Rooker-Feldman Doctrine, the Court also noted that Connelli's claims arise out of his dissatisfaction with judicial proceedings in Suffolk County, New York. The Court's prior order of dismissal stated:

> Courts have long recognized that a litigant dissatisfied with the outcome of judicial proceedings will often times accuse his adversaries or the court itself of constitutional violations. *See, e.g.,* Bradley v. Fisher, 80 U.S. (13 Wall) 335, 348 (1871). Because "controversies sufficiently intense to erupt in litigation are not easily capped by a judicial decree . . . the common law provided absolute immunity from subsequent damages liability for all persons -- governmental or otherwise -- who were integral parts of the judicial process." Briscoe v. LaHue, 460 U.S. 325, 335, 103 S. Ct. 1108, 1115-16 (1983)(quoting Butz v. Economou, 438 U.S. 478, 512, 98 S. Ct. 2894, 2913 (1978)).
>
> Accordingly, the United States Supreme Court has recognized not only the absolute civil immunity of judges for conduct within their judicial domain, Pierson v. Ray, 386 U.S. 547, 553-54, 87 S. Ct. 1213, 1217-18 (1967), but also the quasi-judicial civil immunity of prosecutors, Imbler v. Pachtman, 424 U.S. 409, 430-31, 96 S. Ct. 984, 995 (1976), grand jurors, id. at 423 n. 20, witnesses, Briscoe, 460 U.S. at 345-346, and agency officials, Butz, 438 U.S. at 512-513, for acts intertwined with the judicial process, Valdez v. City and County of Denver, 878 F.2d 1285, 1287 (10th Cir. 1989).
>
> Thus, it is patently clear that Connelli's claims against the judges of the New York courts would be barred by absolute immunity.

(Memorandum Opinion and Order Granting Limited Waiver of Costs and Order of Dismissal With Prejudice, 01-233, consol. with 01-359, pp. 5-6, April 19, 2001).

4

Notwithstanding the Court's clear statement, Connelli again seeks to assert his claims, this time not against the Surrogates Court, but against the judge of the very same court, the Honorable Gary J. Weber. Indeed, Connelli's claim states:

> My first letter to the U.S. District Court pertained will fraud [sic] against the Surrogate Court of Suffolk County, New York. The facts of my fathers [sic] will were falsely represented by the attorney Carol Scal for the Executor Gary Connelli. The Surrogates Court acting under the appointed Surrogate Judge Gary J. Weber, Frank Ferris attorney for the Surrogates Court, Michael Cippolino, Supervisory [Court Clerk].

This Court has previously determined that Connelli's claims against the Surrogates Court are barred as a matter of law. For the reasons outlined in the Court's prior memorandum, the Court now dismisses with prejudice Connelli's claims against Judge Gary J. Weber.

Additionally, some or all of the remaining Defendants may be entitled to immunity, either absolute or qualified. Brioschi v. LaHue; Butz v. Economou; and Valdez v. City and County of Denver. Moreover, even a liberal reading of Connelli's letter complaint indicates that it fails to withstand 12(b)(6) scrutiny. Connelli makes no claims whatsoever against the Court Clerk, Michael Cippolino, other than naming him in the complaint caption. Similarly, other than identifying attorneys, Frank Ferris, Terry J. Karl and Carol Scal, he fails to state what, if anything, they are alleged to have done that constitutes a breach of law or duty.

Connelli also states that "I have extended the summons and complaints to include . . . Accutech Process Serve, the reason for summons against Accutech is simply that they sent my request for stay motion to the wrong address. This would have preserved the assets of the estate while pending appeal and would resolve the defaultive judgment against my father's will." Along with his letter to the Court, Connelli submitted a form USM-285 for service of process by the United

5

States Marshal Service on Accutech Process Servers. It appears, therefore, that Connelli wishes to assert some type of claim against Accutech Process Servers based on some alleged error in service of process. However, Connelli's brief statement about Accutech Process Servers falls far short of satisfying FED. R. CIV. P. 12(b)(6). Connelli fails to state when or where Accutech allegedly sent his "request for stay motion to the wrong address." He does not state on whom it should have been served or what the correct address was. Moreover, he does not identify specifically the document that comprised his "request for stay motion." If Connelli wishes to pursue a claim against Accutech Process Servers, he must allege, in a proper way, sufficient information to apprize Accutech Process Servers of the claim that he is making against it. Although Connelli's reference to Accutech Process Servers could be construed as a motion to file an amended complaint naming it, the Court has considered Accutech Process Servers as an original defendant and therefore will dismiss Connelli's attempted claim against it under FED. R. CIV. P. 12(b)(6).

Since Connelli's claims against Carol Scal, Gary J. Connelli, Terry J. Karl, Frank Ferris, Michael Cippolino and Accutech Process Servers will be dismissed without prejudice, he would be able to file a new action against them provided Connelli has a proper factual and legal basis for doing so. However, the Court hereby warns Connelli not to file a new action without first reading and understanding the requirements of FED. R. CIV. P. 11 which allows the Court to impose sanctions on a party who has violated its terms. Moreover, the Court directs Connelli to read and understand the requirements of FED. R. CIV. P. 8 regarding pleading requirements before filing another action. In addition, the Court advises Connelli that federal jurisdiction is limited, and even if he has a factual and legal basis for filing a new complaint, he must clearly delineate the basis for federal court jurisdiction in the United States District Court for the District of New Mexico.

IT IS THEREFORE ORDERED THAT:

1. Connelli's application to proceed *in forma pauperis* is granted;

2. Connelli's claims against Defendant Gary J. Weber, Judge of the Surrogates Court, will be dismissed with prejudice;

3. Connelli's claims against Defendants Carol Scal, Gary J. Connelli, Terry J. Karl, Frank Ferris, Michael Cippolino and Accutech Process Servers will be dismissed without prejudice; and

4. Before Connelli files any new action, he is admonished to comply with the Court's requirements regarding FED. R. CIV. P. 8 and 11 and the Court's caution regarding allegations of federal court jurisdiction.

CHIEF UNITED STATES DISTRICT JUDGE